IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Sharne Louise Niblock, | ) | Case No.: 3:16-cv-1644 |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER AND OPINION** |
| Officer Deputy Perry;<br>Angela Nazzery-Scott; Shanett Smith;<br>and Barbretta Cook, | ) | |
| Defendants. | ) | |

This matter is before the Court on the Report and Recommendation ("R. & R.") of the Magistrate Judge (Dkt. No. 64) recommending that this this Court (1) grant Defendants' motion to dismiss and motion for summary judgment and (2) dismiss Defendant Perry from this action. For the reasons set forth below, the Court adopts the R. & R. as the order of the Court.

I. **Background**

Sharne Louise Niblock ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging violations of her constitutional rights. She sues Richland County Deputy Perry ("Perry") and three former employees of the South Carolina Department of Social Services: Angela Nazzery-Scott ("Nazzery-Scott"), Shanett Smith ("Smith"), and Barbretta Cook ("Cook") (collectively "SCDSS Defendants"). Liberally construing her amended complaint, Plaintiff alleges that Defendants violated her constitutional rights in connection with a child custody action when (1) Perry took her two younger sons into Emergency Protective Custody; (2) Smith and Nazzery-Scott advised her that she had to follow the recommendations of SCDSS; and (3) the Family Court granted custody to her children's father at a hearing where Plaintiff was not present because she had not been personally served with notice of the hearing, though her attorney had been served on her behalf. (Dkt. No. 17 at 5–

6.) Defendants Nazzery Scott, Shanett Smith, and Barbretta Cook have filed a motion to dismiss for lack of subject matter jurisdiction and failure to state a claim. (Dkt. No. 59.) Defendants have also moved for summary judgment on any federal claims brought under 42 U.S.C. § 1983. (*Id.*)

## II. Relevant Facts

The Court adopts the facts as outlined by the Magistrate Judge in the R. & R. (Dkt. No. 64 at 2–5.)

## III. Legal Standards

### A. *Pro Se* Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### B. Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## IV. Discussion

### A. Defendant Perry

Liberally construing Plaintiff's complaint, she claims that Defendant Perry violated her constitutional rights when he took her two youngest children into Emergency Protective Custody. The Magistrate Judge recommended that this Court dismiss Defendant Perry from this action because the state court found probable cause existed for the Emergency Protective Custody action. (Dkt. No. 64 at 7; Dkt. No. 59-4). In South Carolina

> A law enforcement officer may take emergency protective custody of a child without the consent of the child's parents, guardians, or others exercising temporary or permanent control over the child if:
>
> > (1) the officer has probable cause to believe that by reason of abuse or neglect the child's life, health, or physical safety is in substantial and imminent danger if the child is not taken into emergency protective custody, and there is not time to apply for a court order . . . .

S.C. Code Ann. § 63-7-620. Plaintiff has objected to the Magistrate Judge's recommendation, arguing that the Magistrate Judge "recommended that [Defendant Perry] be dismissed because he was not served properly." (Dkt. No. 66 at 1.) While the Magistrate Judge mentioned in a footnote that Defendant Perry had not been served, her recommendation was based on a finding that the state court found probable cause existed for Defendant Perry to execute the Emergency Protective Custody action and that Plaintiff had therefore failed to state a claim against him. Plaintiff did not object to the Magistrate Judge's analysis of this issue, and the Court finds that the Magistrate Judge has correctly applied the controlling law to the facts with respect to Defendant Perry. Plaintiff's claim against Defendant Perry are dismissed.

**B.     The SCDSS Defendants**

The Magistrate Judge explained that Plaintiff had failed to allege facts sufficient to state a claim against Smith and Nazzery-Scott based on their statements to her that she had to follow the recommendations of SCDSS. As the Magistrate Judge observed, Plaintiff has admitted that she would not follow the recommendations of SCDSS without a court order, and she has not alleged facts to show that Smith and Nazzery-Scott's statements violated her constitutional rights or had any effect on her at all. Plaintiff has not objected to the Magistrate Judge's analysis of this issue, and the Court finds that the Magistrate Judge has correctly applied the controlling law to the facts. Plaintiff's claims based on Smith and Nazzery-Scott's statements to her about following the recommendations of SCDSS are therefore dismissed.

The Magistrate Judge has recommended that this Court dismiss Plaintiff's remaining claims against the SCDSS Defendants because they are "inextricably intertwined" with questions already ruled upon by the state family court so are barred by the *Rooker-Feldman* doctrine. (Dkt. No. 64 at 8-10; *see Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

Plaintiff Objects to this portion of the R. & R., arguing that she has "submitted enough evidence to support a claim of judicial deception which should be tried to a jury." (Dkt. No. 66 at 2.) Plaintiff goes on to enumerate her grievances against Defendants Smith, Perry, and Cook for their actions in connection with the state court proceedings. (*Id.*) Plaintiff's objections confirm the Magistrate Judge's finding that she seeks this Court's review of questions that are inextricably intertwined with decisions made by the state family court in 2015. Plaintiff has not objected to the Magistrate Judge's determination that these claims are barred by the *Rooker-Feldman* doctrine, and this Court finds that the Magistrate Judge has correctly applied the controlling law to the facts of this case. Plaintiff's claims against the SCDSS defendants are therefore dismissed for lack of subject matter jurisdiction.

Plaintiff also claims that her constitutional rights were violated when she did not receive notice of the September 10, 2015 state court hearing. The Magistrate Judge explained in the R. & R. that Plaintiff had admitted that her attorney was served with notice in compliance with Rule 5(b) of the South Carolina Rules of Civil Procedure. (Dkt. No. 64 at 10.) Plaintiff has not objected to the Magistrate Judge's analysis of this issue, and the Court finds that the Magistrate Judge has correctly applied the controlling law to the facts. Defendants' motion for summary judgment is therefore granted as to Plaintiff's claims against the SCDSS Defendants for failure to serve her notice of the September 10, 2015 hearing.

## V. Conclusion

For the reasons set forth above, this Court adopt the R. & R. (Dkt. No. 64) as the order of the Court. Defendant Perry is dismissed from this action because Plaintiff has failed state a claim against him. The SCDSS Defendants' motion for summary judgment is GRANTED.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

March __22__, 2018
Charleston, South Carolina